IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:25-cv-02561-CNS-MDB

FADIA-MICHELLE WARD,

Plaintiff,

v.

LEXISNEXIS RISK SOLUTIONS INC. and
LEXISNEXIS RISK MANAGEMENT,

Defendants.

---

**ORDER**

---

Before the Court are Plaintiff's Objections to Recommendation of United States Magistrate Judge, ECF No. 43, and Defendants' Response, ECF No. 44. For the following reasons, the Court OVERRULES Plaintiff's objections, AFFIRMS and ADOPTS the Recommendation with modification, and GRANTS Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, ECF No. 22.

## I. SUMMARY FOR *PRO SE* PLAINTIFF

You have filed objections to the magistrate judge's recommendation that your claims be dismissed. The Court overrules your objections because they are not sufficiently specific and improperly seek to introduce new theories of your claims, as well as improperly seek to introduce evidence and supporting allegations now, rather than

introduce such evidence and allegations in the operative complaint. Thus, the Court overrules your objections and affirms the recommendation.

## II. ANALYSIS

The Court considers Plaintiff's objections in turn. In doing so, the Court incorporates the United States Magistrate Judge's summary of the operative complaint's allegations. *See generally* ECF No. 40.

*First*, Plaintiff objects to the magistrate judge's determination that her FCRA claim is time-barred. *See* ECF No. 43 at 1. According to Plaintiff, her theory is "not simply that a single 2020 violation remained unchallenged until suit was filed in 2025. Rather, 2020 marks the beginning of a continuing dispute history." *Id.* However, Plaintiff identifies no allegations in the operative complaint that support this theory of a "continuing dispute history." *Id.* She refers in the objections to "activity in 2025" in support of this argument and attaches supporting exhibits regarding the same "activity" to her objections. *See id.* But this documentation is provided in connection with her *objections*, and the Court cannot consider evidence of a claim that is submitted after or outside of a complaint and its factual allegations, particularly where such allegations do not even reference any "activity in 2025." *See, e.g., Matthias v. Trader Joe's Co.*, No. 25-CV-03466-NYW-STV, 2026 WL 2474733, at *3 (D. Colo. Aug. 24, 2026) (observing courts have "no obligation to consider evidence introduced for the first time in an objection to the magistrate judge's recommendation" (citation modified)).[1]

[1] At most, and as the magistrate judge acknowledged, the operative complaint alleges that Plaintiff disputed "the inaccurate information at least nineteen (19) times" between 2021 and 2025. ECF No. 15 at 3. But the Court agrees with the magistrate judge that, even assuming the truth of this allegation, the operative complaint fails to allege any *specific false report*, *see* ECF No. 40 at 4, that falls within the statute of

Regardless, the Court agrees with Defendants that Plaintiff attempts to assert a new theory of her FCRA claim. *See* ECF No. 44 at 4. In other words, and stated simply, Plaintiff cannot "change her pleadings through her Objection." *Id.* at 5. Indeed, and as indicated above, the magistrate judge correctly determined that the operative complaint "fail[ed] to identify and specific false report that falls within the statute of limitations." ECF No. 40 at 4 n.1. The magistrate judge also did not err in recommending dismissal of the FCRA claim based on any alleged § 1681i liability. Again, Plaintiff cannot work around her own pleading deficiencies by attaching exhibits to an objection, and the Court declines to consider those exhibits in its analysis of the recommendation. *See* ECF No. 44 at 4-5; *Amaya v. Bregman*, No. 14-CV-0599 WJ/SMV, 2016 WL 10516169, at *2 (D.N.M. Mar. 7, 2016) ("However, theories or arguments raised for the first time in objections to a magistrate judge's order are deemed waived." (citation modified)); *Matthias*, 2026 WL 2474733, at *3. Thus, Plaintiff has failed to present any basis for concluding that the magistrate judge erred in her FCRA analysis.

*Second*, Plaintiff objects to the recommendation that her RICO and fraud claims should be dismissed. ECF No. 43 at 2. But Plaintiff says only this as to these claims: "Plaintiff respectfully objects to dismissal with prejudice to the extent the deficiency is one

---

limitations for her claim. Accordingly, the allegation that Plaintiff *disputed* "inaccurate information" through 2025 does not itself provide any well-pleaded factual content as to a false report that can sustain her claim in a manner that is not time-barred. *See, e.g., Ruiz v. Shamrock Foods Co*., No. 2:17-cv-06017-SVW-AFM, 2018 WL 5099509, at *6 (C.D. Cal. Aug. 22, 2018), *aff'd*, 804 F. App'x 657 (9th Cir. 2020) ("Generally, a continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." (citation modified)). Thus, the Court agrees with Defendants that the magistrate judge correctly concluded the § 1681e(b) claim is time-barred. *See* ECF No. 44 at 6-7. Moreover, the Court agrees with Defendants and the magistrate judge that there are simply no *well-pleaded* allegations that support her § 1681i theory of liability. *See, e.g.,* ECF No. 40 at 4; ECF No. 44 at 44 at 6, 8.

of factual specificity that could be cured." *Id.* Even providing this argument with a liberal construction, the Court agrees with Defendants that it is not sufficiently specific. *See* ECF No. 44 at 8; *Carper v. Peterson*, No. 23-1005, 2023 WL 4485618, at *2 (10th Cir. July 12, 2023) (unpublished) (holding that courts "apply the firm-waiver rule to pro se litigants" and that objections "must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." (citation modified)). Thus, the Court overrules this objection.

*Third*, Plaintiff objects to the recommendation that her breach of contract claim be dismissed. *See* ECF No. 43 at 2-3. But as with her objections to the RICO and fraud claims, this objection is not sufficiently specific. As Defendants observe, rather than advancing any adequate objection, Plaintiff does no more than ask for leave to amend as to this claim. *Compare* ECF No. 43 at 3 ("[I]f the Court agrees that this claim is insufficiently pleaded, dismissal be [sic] without prejudice and that Plaintiff be allowed to amend . . . ."), *with* ECF No. 44 at 8.

* * *

Plaintiff has failed to persuasively explain why the magistrate judge erred in her analysis of the operative complaint's claims. However, while the magistrate judge recommended dismissal without prejudice as to many of Plaintiff's claims, she recommended dismissal with prejudice as to the FCRA claim on timeliness grounds. She further recommended dismissal with prejudice on the RICO and fraud claims, given that amendment would be futile. *See* ECF No. 40 at 9 n.3. *See also* ECF No. 44 at 9 (arguing amendment would be futile).

The Court declines to dismiss any of Plaintiff's claims with prejudice at this time—even the FCRA claim on timeliness grounds, given that the objections indicate there is at least some basis, however remote, for plausibly realleging such a claim. The Court notes, however, that Plaintiff has now had the benefit of the parties' briefing and the magistrate judge's analysis as to her claims. Should Plaintiff choose to amend and yet fail to correct the deficiencies identified by the magistrate judge and discussed by Defendants in their motion to dismiss, Plaintiff's third amended complaint may be summarily dismissed for failure to cure the pleading deficiencies that have been *explicitly* and *clearly* identified. While Plaintiff may get one more bite at the apple, she is not entitled to infinite amendments of her complaint.

## III. CONCLUSION

Consistent with the above analysis, the Court OVERRULES Plaintiff's Objections, ECF No. 43, and AFFIRMS AND ADOPTS with modification the United States Magistrate Judge's Recommendation as an order of this Court, ECF No. 40. Defendants' Motion to Dismiss is GRANTED. ECF No. 22. Plaintiff may, should she choose to do so and only if she believes she can correct the pleading deficiencies identified above, file an amended complaint within SEVEN DAYS of this Order. If such an amended complaint fails to cure the pleading deficiencies identified above and in the magistrate judge's recommendation, such complaint shall be subject to summary dismissal.

DATED this 28th day of September 2026.

BY THE COURT:

________________________________
Charlotte N. Sweeney
United States District Judge